■ ANNE DYKSTRA, Appellant, v JOHN DYKSTRA, Respondent. [621 NYS2d 693] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated September 29, 1993, which denied her motion to open the parties' stipulation of settlement and to refer to a Judicial Hearing Officer all issues regarding the distribution of a certain annuity.

Ordered that the order is affirmed, with costs.

On September 11, 1992, the parties to this action entered into a detailed and comprehensive stipulation of settlement disposing of all matters relating to divorce, custody, and distribution of marital assets other than bank accounts. The stipulation was placed on the record by the plaintiff's counsel, after which both parties acknowledged and agreed to its terms. Thereafter, by notice of motion dated June 30, 1993, the plaintiff moved for an order referring all issues regarding the distribution of a certain annuity to a Judicial Hearing Officer for a hearing and determination. In support of the motion, the plaintiff's counsel claimed that the parties had inadvertently omitted the annuity from the stipulation and that she had advised the defendant's attorney of the omission shortly after the stipulation was entered. She further claimed that the defendant's attorney initially had agreed with her,

but subsequently insisted that the plaintiff make a motion for the requested relief. In opposition to the motion, the defendant averred that the annuity was part of his stock portfolio and that the plaintiff had waived any claim thereto pursuant to the stipulation of settlement. The defendant maintained that the settlement was the product of extensive negotiations and that the subject annuity was not erroneously omitted therefrom. Furthermore, the defendant's attorney claimed that the settlement was validly negotiated and entered and that it should not be opened "merely because one of the parties decided to change her mind". After examining the motion papers and conducting a conference with the attorneys, the Supreme Court denied the motion. We affirm.

We find unpersuasive the plaintiff's contention that the stipulation of settlement should be opened based upon the plaintiff's claim that the subject annuity was inadvertently omitted. It is well settled that "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York,* 64 NY2d 224, 230; *see also, Bossom v Bossom,* 141 AD2d 794). Upon our review of the record, we find that the plaintiff's unsubstantiated assertions of mutual mistake failed to sustain her heavy burden of demonstrating that the stipulation of settlement should be opened. Indeed, "strict enforcement [of open court stipulations] not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process" (*Hallock v State of New York, supra,* at 230). In view of the paucity of evidence presented by the plaintiff and the strong policy favoring the enforcement of open court stipulations of settlement, we discern no basis for disturbing the Supreme Court's denial of the plaintiff's motion (*see, e.g., Bossom v Bossom, supra).* Sullivan, J. P., Rosenblatt, Hart and Friedmann, JJ., concur.

Altman, J., dissents and votes to reverse the order appealed from, grant the plaintiff's motion, and remit the matter for a hearing on the issue of mistake, with the following memorandum: While stipulations entered in open court should generally not be disturbed (*see, Bossom v Bossom,* 141 AD2d 794), if it is clear from the record that the stipulation contains a glaring omission, the mistake may be cured (*see, Burkart v Burkart,* 182 AD2d 798). To permit a hearing on the facts in this case would neither undermine the principle of finality of

proceedings nor encourage litigants to retract agreements entered in open court.

Here, the plaintiff and her attorney set forth sworn allegations of fact regarding a conversation with counsel for the defendant about the mistaken omission of an annuity policy from the parties' stipulation of settlement. That conversation took place minutes after the stipulation was placed on the record. It is alleged that opposing counsel acknowledged the mistake and undertook to have his client sign a stipulation to correct the omission. The defendant thereafter refused to permit his lawyer to enter into a new stipulation. The defendant elliptically denied those allegations, while his attorney, allegedly a party to the conversation, submitted an affirmation which was completely unresponsive to the allegations in the moving papers. Under the circumstances, a viable issue was raised regarding a mutual mistake and the court should have directed a hearing.