■ MICHELLE MOCK et al., Respondents, v JOHN CHAMBERLAIN, Appellant, et al., Defendants, and HENRY LEUNG, et al., Respondents. [638 NYS2d 167] —In an action to recover the proceeds of the sale of certain shares of stock, the defendant interpleading plaintiff John Chamberlain appeals from an order and judgment of the Supreme Court, Nassau County (DiNoto, J.), entered April 13, 1994, which, *inter alia,* directed him to pay the proceeds from the sale of said stock to the plaintiffs and $5,000 to Chin Bok Wo an interpleaded defendant.

Ordered that the order and judgment is affirmed, with costs.

In 1990 the stock of Gam Wah Realty, Inc., was sold with the record holder of each share being entitled to $12,966.15. The plaintiff Michelle Mock held two shares of stock reputedly assigned to her by Chin Bok Wo, a holder of record and an interpleaded defendant in this action. Likewise, the plaintiff Betty Mock held two shares of stock reputedly assigned to her by Henry Leung, also a holder of record and her father-in-law. After the sale of the stock of Gam Wah Realty, Inc., the appellant, John Chamberlain, who represented the minority stockholders in the sale, placed the proceeds in escrow and paid all the stockholders except the two plaintiffs. The plaintiffs brought the instant action to recover the proceeds of the sale of the stock. The appellant interpleaded the shareholders of record and counterclaimed against them for legal services rendered in connection with other litigated matters. Chin Bok Wo appeared in the action, while the other interpleaded defendant, Henry Leung, was never located or served, apparently because he is deceased.

During depositions the parties' attorneys negotiated a settlement whereby the appellant's obligations and responsibility

for pending matters were terminated, fees waived, the claims of Chin Bok Wo and the Mocks settled and a provision was made whereby the settlement would be ordered by the court. The settlement was agreed to in open court and an order and judgment entered accordingly.

On appeal, the appellant contends that the order and judgment did not reflect the intention of the parties, that he made a mistake as to the source of the money in his escrow account which was to be used to pay the Mocks and Chin Bok Wo and, that fraud was committed by the Mocks in the alleged assignment of the stock shares.

The terms of the settlement were dictated by the appellant and therefore reflect his intent. His claim is clearly based on a reconsideration of the merits of the stipulation. Such merits will not be addressed by this Court as settlement agreements will be set aside " '[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident' " *(Dykstra v Dykstra,* 211 AD2d 745, 746 [where in a divorce action this Court held that wife's unsubstantiated assertions of mutual mistake failed to sustain her heavy burden of showing that stipulation should be opened, and strong policy favored enforcement of open court stipulations of settlement]; *see also, Hallock v State of New York,* 64 NY2d 224).

The appellant's remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Ritter and Krausman, JJ., concur.