■ MICHAEL FUREY, Respondent, v DIANE FUREY, Appellant.
[646 NYS2d 358] —In a matrimonial action in which the parties

were divorced by a judgment dated October 28, 1994, the defendant wife appeals from an order of the Supreme Court, Suffolk County (Fierro, J.), dated February 23, 1995, which (1) denied her motion, in effect, to resettle the financial provisions of the divorce judgment, and (2) granted the cross motion of the plaintiff husband for leave to enter a money judgment against her in the sum of $50,000.

Ordered that the appeal from so much of the order dated February 23, 1995, as denied the defendant's motion for resettlement is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from so much of the order as denied resettlement must be dismissed as no appeal lies from an order denying resettlement of the decretal paragraphs of a judgment *(see, Halliday v Halliday,* 218 AD2d 729; *C.B. Foods v Quarex Co.,* 204 AD2d 504; *Chase v Willis,* 199 AD2d 455; *Blume v Blume,* 124 AD2d 771).

The remaining portion of the order, which granted the husband's motion for leave to enter a money judgment is affirmed. The wife's claim challenging the husband's entitlement to a money judgment is clearly based on a reconsideration of the merits of the parties' stipulation which was incorporated into the judgment of divorce. "Such merits will not be addressed by this Court as settlement agreements will be set aside '[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident' " *(Mock v Chamberlain,* 224 AD2d 499, 500, citing *Dykstra v Dykstra,* 211 AD2d 745, 746). Further " '[s]tipulations of settlement are favored by the courts and not lightly cast aside (see *Matter of Galasso,* 35 NY2d 319, 321). This is all the more so in the case of "open court" stipulations * * * where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process' " *(Daniel v Daniel,* 224 AD2d 573, citing *Hallock v State of New York,* 64 NY2d 224, 230).

The record supports the Supreme Court's finding that the wife voluntarily and knowingly entered into the stipulation of settlement, and that she had not paid the husband. The trial court conducted an allocution of the wife to determine whether she willingly accepted and understood the terms and intent of the stipulation. The provision in question was quite clear. Accordingly, the husband's cross motion for leave to enter a money judgment was properly granted. O'Brien, J. P., Sullivan, Joy and McGinity, JJ., concur.