■ SUSAN FRIEDMAN, Respondent, v ERIC FRIEDMAN, Appellant. [668 NYS2d 713] —In a matrimonial action in which the parties were divorced by judgment dated November 1, 1995, the defendant former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), dated September 27, 1996, as (1) denied his motion to resettle a Qualified Domestic Relations Order entered November 1, 1995, and (2) granted that branch of the plaintiff former wife's cross motion which was for attorney's fees to the extent of directing him to pay such fees in the sum of $500.

Ordered that the order is affirmed insofar as appealed from, with costs.

In July 1995 the parties entered into a detailed, lengthy separation agreement (hereinafter the agreement) which was incorporated but not merged into the divorce judgment. Pursuant to Article 17, section 9, of this agreement, the former husband acknowledged that he had had an opportunity to "review and ask questions about the terms and provisions" of a proposed Qualified Domestic Relations Order (hereinafter QDRO), which was made part of the agreement. He also acknowledged that he understood and agreed with the terms and conditions of the QDRO. The proposed QDRO with notice of settlement was served on the attorneys for the former husband on July 25, 1995. No counter-QDRO was ever submitted by the former husband. The QDRO was ultimately entered on November 1, 1995.

The Supreme Court correctly denied the subsequent motion by the former husband, denominated as one to "resettle" the QDRO, but which was in essence a motion to reform the terms of the parties' agreement which stated precisely the terms of the proposed QDRO. The former husband claimed, in support of this motion, that the QDRO incorrectly credits him with 198 months, rather than 185 months of service toward his pension,

and that the QDRO incorrectly uses this higher number in calculating the former wife's equitable share of the pension. The former wife asserts that the parties agreed to use the higher figure.

The Supreme Court correctly concluded that "any mistake * * * was unilateral" and that the former husband failed to demonstrate any right to the requested relief (see, Surlak v Surlak, 95 AD2d 371, 380; see also, Matter of Scalabrini v Scalabrini, 242 AD2d 725; Silvers v Silvers, 196 AD2d 863). "[T]o overcome the heavy presumption that a deliberately prepared and executed written instrument manifested the true intention of the parties, evidence of a very high order is required" (Backer Mgt. v Acme Quilting Co., 46 NY2d 211, 219, citing Christopher & Tenth St. R. R. Co. v Twenty-Third St. Ry. Co., 149 NY 51, 58). No such evidence was adduced herein by the former husband.

We also find that the former wife was entitled to an award of attorney's fees in accordance with Article 26, Paragraph 4, of the agreement (see, e.g., Gillman v O'Connell, 176 AD2d 305; Willis v Willis, 149 AD2d 584). Mangano, P. J., Joy, Altman and Luciano, JJ., concur.