■ Joan D. Lewis, Appellant, v David Lewis, Respondent. [703 NYS2d 214] —In an action for a divorce and ancillary relief, the plaintiff former wife appeals from (1) so much of a judgment of divorce of the Supreme Court, Westchester County (Lefkowitz, J.), dated June 30, 1998, as incorporated related portions of a so-ordered stipulation of settlement dated April 23, 1998, (2) a Qualified Domestic Relations Order of the same court, also dated June 30, 1998, which, *inter alia*, pursuant to the stipulation of settlement, determined the interest of the defendant former husband in her pension, and (3) so much of an order of the same court, dated September 23, 1998, as denied her motion, denominated as one for resettlement, but, which was, in effect, to vacate the stipulation of settlement.

Ordered that the appeals from the Qualified Domestic Relations Order and the judgment are dismissed; and it is further,

Ordered that the order dated September 23, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The parties negotiated a stipulation of settlement which was entered on the record and "so-ordered", wherein, *inter alia*, they agreed that the defendant former husband was "entitled to 50 percent of the [plaintiff] former wife's interest in her pension" from a close corporation of which the plaintiff is president and holds 51% of the shares, with her daughter holding the balance of the shares. This portion of the stipulation was embodied in a Qualified Domestic Relations Order (hereinafter QDRO) prepared by the defendant's attorney and served on the plaintiff prior to the signing and entry by the court. The plaintiff thereafter moved for an order "resettling" the QDRO on several grounds, including the ground that the pension distribution, as agreed to, could not be effected under the terms of an amendment to the pension plan (hereinafter the Plan). The Supreme Court denied the motion, observing that the Plan could be amended to comply with the terms of the QDRO, as a letter from the Plan Administrator revealed.

The appeals from the QDRO and so much of the judgment as incorporated related provisions of the so-ordered stipulation of settlement must be dismissed because the plaintiff is not aggrieved by an order and a judgment entered on her consent (*see,* CPLR 5511; *Chemical Bank v Zisholtz,* 227 AD2d 580; *Nutkiewicz v Nutkiewicz,* 123 AD2d 378; *Baecher v Baecher,* 95 AD2d 841). In any event, a QDRO is not appealable as of right,

and leave has not been granted (*see, McWade v McWade,* 253 AD2d 798).

The motion for "resettlement" was improperly designated inasmuch as the plaintiff was not simply attempting to have the QDRO conform to the stipulation, but was seeking to have the terms of the stipulation amended to comply with the provisions of the Plan, as amended. As such, the motion was one to vacate the so-ordered stipulation of settlement dated April 23, 1998. The plaintiff failed to establish the existence of any ground to vacate the stipulation, which was neither unfair nor unreasonable (*see, Lazich v Lazich,* 233 AD2d 425; *Harrington v Harrington,* 103 AD2d 356). Accordingly, the motion was properly denied. Thompson, J. P., Friedmann, Schmidt and Smith, JJ., concur.