■ The People of the State of New York, Respondent, v Bryant Acosta, Appellant. [726 NYS2d 551] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered May 26, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony offender, to three concurrent terms of 6 to 12 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence provided reasonable assurances of the identity and unchanged condition of the substance that was sold to the undercover officer (see, People v Julian, 41 NY2d 340), and there is no basis upon which to disturb the jury's determination that the substance sold by defendant to the undercover officer was, in fact, cocaine.

We perceive no basis for reduction of sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Williams, Tom, Wallach and Friedman, JJ.

■ Bozena Plawner, Appellant, v Janusz Plawner, Respondent. [726 NYS2d 544] —Order, Supreme Court, New York County (Joan Lobis, J.), entered May 22, 2000, which denied plaintiff's motion for clarification of a Qualified Domestic Relations Order (QDRO) entered May 6, 1999, unanimously affirmed, without costs.

Plaintiff's motion for clarification was properly denied on the ground that it inappropriately sought to make substantive changes to an order that was no longer subject to challenge (see, Lewis v Lewis, 269 AD2d 429, 430). A reading of the QDRO in the context of its underlying stipulation and judgment of divorce makes it abundantly clear, as the motion court held, that plaintiff's share of defendant's pension plan is subject to earnings and losses in the plan commencing with the QDRO's date of entry and continuing until the date of distribution, and not, as plaintiff urged in her motion for "clarification," as of the 1991 commencement of the divorce action. Concur—Rosenberger, J. P., Williams, Tom, Wallach and Friedman, JJ.