■ CHRISTINE PHILLIPS, Respondent, v STEPHEN PHILLIPS, Appellant. [754 NYS2d 297] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated June 27, 2001, as denied as academic his motion to reform the child support provision of the parties' stipulation of settlement dated January 8, 2001, by changing the word "by" to the word "to" in article VII, par 9, line 8, and by imposing a maximum potential increase of 3% per adjustment.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to reform the child support provision of the parties' stipulation of settlement by changing the word "by" to the word "to" in article VII, par 9, line 8, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties to this matrimonial action entered into a stipulation of settlement (hereinafter the stipulation) dated January 8, 2001, settling apparently all of the outstanding issues in the

action, including the issue of the amount of child support which the defendant husband would pay to the plaintiff wife. The parties agreed that the husband would pay the wife the sum of $82,500 per year for child support. The stipulation also provided a method for determining increases in the amount of child support that the husband would pay in subsequent years. Specifically, it provided that any increases were to be tied to increases in a certain "Consumer Price Index" (hereinafter CPI) published by the United States Department of Labor. The stipulation stated that the amount of child support due "shall be increased *by* an amount which equals $82,500 multiplied by a fraction, the numerator of which shall be the [CPI] in effect on January 1 of the year 2003 and the denominator of which shall be the [CPI] in effect on January 1, 2001" (emphasis added).

In March 2001 the husband moved for an order modifying and reforming the child support provision of the stipulation on the ground of mutual mistake. He noted that, as drafted, the child support provision which provided for increases tied to the CPI would more than double his child support obligations. He asserted that the provision should read that his child support obligations "shall be increased *to* an amount which equals $82,500 multiplied by a fraction, the numerator of which shall be the [CPI] in effect on January 1 of the year 2003 and the denominator of which shall be the [CPI] in effect on January 1, 2001." He also claimed that the maximum of any increase in his child support obligations were supposed to be capped at 3% per adjustment. The wife opposed the motion and cross moved for certain relief not relevant to the instant appeal. The Supreme Court denied the husband's motion as academic.

Initially, we note that the Supreme Court improperly denied the husband's motion as academic. Contrary to the court's statement in the order appealed from, there is no evidence that there was a settlement of the issues raised on the motion.

A mutual mistake may furnish the basis for reforming a written agreement when "the parties have reached an oral agreement and, unknown to either, the signed writing does not express that agreement" (*Chimart Assoc. v Paul,* 66 NY2d 570, 573; *see Simek v Cashin,* 292 AD2d 439, 440; *Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce,* 265 AD2d 513, 514).

We agree with the husband that certain language contained in the child support provision of the stipulation should be corrected due to mutual mistake. Specifically, as drafted, the provision which provides for increases of the husband's child sup-

port obligations tied to the CPI would increase his obligations by more than double every two years. This could not be what the parties had intended. Rather, we agree with the husband that the provision should state that his child support obligations "shall be increased *to* an amount which equals $82,500 multiplied by a fraction, the numerator of which shall be the [CPI] in effect on January 1 of the year 2003 and the denominator of which shall be the [CPI] in effect on January 1, 2001."

We reject the husband's claim of mutual mistake with respect to his claim that any future increases in child support should be capped at 3% per adjustment. The husband failed to meet his obligation of providing "a 'high level' of proof" of a mutual mistake to overcome the plain and unambiguous language of the stipulation between the parties, which does not provide for such a cap (*see Chimart Assoc. v Paul, supra* at 574-575; *Brown v Brown,* 226 AD2d 1010). Florio, J.P., Friedmann, McGinity and Townes, JJ., concur.