■ DAVID J. WEISSMAN, Appellant, v ANNE H. WEISSMAN, Respondent. [751 NYS2d 366] —Appeal from qualified domestic relations order (QDRO), Supreme Court, New York County (Judith Gische, J.), entered February 22, 2002, issued in connection with a judgment of divorce entered April 11, 1985 and entered pursuant to the parties' so-ordered stipulation dated January 31, 2002, unanimously dismissed, without costs. Order, same court and Justice, entered April 3, 2002, which denied plaintiff's motion to vacate the QDRO and stipulation, unanimously affirmed, without costs.

The appeal from the QDRO must be dismissed since a QDRO is not appealable as of right, and we decline to grant leave to appeal where plaintiff signed a stipulation withdrawing his opposition to the QDRO's entry without indicating that he would be seeking such leave (*see Gormley v Gormley*, 238 AD2d 545; *Lewis v Lewis*, 269 AD2d 429). Nor is there basis for vacating

or modifying the QDRO where the record shows that plaintiff was at all relevant times represented by counsel, present in court for the argument of his opposition to defendant's proposed QDRO, and, in open court, read and signed the stipulation agreeing to the entry of that QDRO. Plaintiff's mistaken belief that the stipulation was preserving his right to appeal the QDRO does not overcome " 'the heavy presumption that a deliberately prepared and executed written instrument manifested the true intention of the parties' " (*Friedman v Friedman*, 247 AD2d 430, 431; cf. *Knickerbocker Props. v Razy*, 202 AD2d 374). Plaintiff should have known what he was signing (*see Lewis*, 269 AD2d at 430; *Twiss v Twiss*, 245 AD2d 502), and if he did not, he, not defendant, should suffer the consequences (*see Rivera v State of New York*, 115 AD2d 431, 432-433, citing *Hallock v State of New York*, 64 NY2d 224, 230). Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.