■ RAFAEL MAURY, Appellant, v NAIDA I. MAURY, Respondent. [776 NYS2d 489]—

In an action for a divorce and ancillary relief, the plaintiff appeals (1), as limited by his brief, from so much of a judgment of the Supreme Court, Dutchess County (Amodeo, J.), dated November 4, 2002, as, upon the parties' stipulation, awarded the defendant the entire sum maintained in the plaintiff's deferred compensation account with a credit to the plaintiff only for the amount received by the defendant from the deferred compensation account over and above the sum of $15,500, and (2) an order of the same court dated February 20, 2003, which denied his motion to resettle or vacate the judgment insofar as it allegedly failed to comport with the terms of the parties' stipulation.

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, as no appeal lies from a judgment entered upon the stipulation of the parties (*see* CPLR 5511; *Lewis v Lewis*, 269 AD2d 429 [2000]); and it is further,

Ordered that the appeal from so much of the order as denied the branch of the motion which was to resettle or vacate the judgment is dismissed, without costs or disbursements (*see*

*Brooklyn Union Gas Co. v Interboro Asphalt Surface Co.,* 303 AD2d 532, 533 [2003]; *Genao v State of New York,* 272 AD2d 370 [2000]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Open court stipulations of settlement are judicially favored, and will not lightly be set aside (*see Cooper v Hempstead Gen. Hosp.,* 2 AD3d 566, 567 [2003]). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York,* 64 NY2d 224, 230 [1984]; *see DeGregorio v Bender,* 4 AD3d 385 [2004]). To "vacate [a] stipulation of settlement on the ground of mutual mistake, [a party must] demonstrate that the mistake existed at the time the stipulation was entered into and that it was so substantial that the stipulation failed to represent a true meeting of the parties' minds" (*Mahon v New York City Health & Hosps. Corp.,* 303 AD2d 725 [2003]). Finally, "[a] stipulation is an independent contract which is subject to the principles of contract law . . . A court should construe a stipulation made in open court in accordance with the intent of the parties and the purpose of the stipulation by examining the record as a whole . . . A court should not, under the guise of interpretation, make a new contract for the parties" (*Simmons v Simmons,* 305 AD2d 661 [2003]; *see Pellino v Pellino,* 308 AD2d 522 [2003]; *McWade v McWade,* 253 AD2d 798 [1998]).

Application of the foregoing principles leads to the conclusion that the Supreme Court correctly denied the plaintiff's motion to the extent that it sought to vacate the stipulation. The only ground for vacatur arguably applicable to this case was mistake. Contrary to the plaintiff's contentions, the challenged provision of the judgment of divorce accurately reflected the language of the stipulation.

The plaintiff's remaining contentions are improperly raised for the first time on appeal or are without merit. Altman, J.P., Smith, S. Miller and Crane, JJ., concur.