◼ BARBARA HANNIGAN, Respondent, v THOMAS HANNIGAN, Appellant. [857 NYS2d 200]—

In an action for a divorce and ancillary relief, the defendant appeals from so much of a judgment of the Supreme Court, Westchester County (Jamieson, J.), dated December 29, 2006, as awarded the plaintiff 50% of the marital portion of his New York State Local Retirement System Pension and 50% of his New York State Deferred Compensation Plan.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs.

On appeal, the defendant contends that two decretal paragraphs contained in the judgment of divorce were inserted by the Supreme Court sua sponte and were not the subject of the final oral stipulation of settlement made between the parties in open court. The disputed paragraphs award the plaintiff 50% of the marital portion of the defendant's New York State Local Retirement System Pension and 50% of his New York State Deferred Compensation Plan, calculated pursuant to the *Majauskas* formula (*see Majauskas v Majauskas,* 61 NY2d 481 [1984]).

A stipulation is an independent contract which is subject to the principles of contract law (*see Simmons v Simmons,* 305 AD2d 661 [2003]; *Dreiss v Dreiss,* 258 AD2d 499 [1999]; *Mc-*

*Wade v McWade,* 253 AD2d 798, 799 [1998]). A court should construe a stipulation made in open court in accordance with the intent of the parties and the purpose of the stipulation by examining the record as a whole (*see McWade v McWade,* 253 AD2d 798, 799 [1998]). A court should not, under the guise of interpretation, make a new contract for the parties (*see Sklerov v Sklerov,* 231 AD2d 622 [1996]). Moreover, open court stipulations of settlement are judicially favored and should not lightly be set aside (*see Maury v Maury,* 7 AD3d 585 [2004]; *Cooper v Hempstead Gen. Hosp.,* 2 AD3d 566, 567 [2003]). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York,* 64 NY2d 224, 230 [1984]; *see DeGregorio v Bender,* 4 AD3d 385, 386 [2004]). To "vacate [a] stipulation of settlement on the ground of mutual mistake, [a party must] demonstrate that the mistake existed at the time the stipulation was entered into and that it was so substantial that the stipulation failed to represent a true meeting of the parties' minds" (*Gro-Wit Capital, Ltd. v Obigor, LLC,* 33 AD3d 859, 859-860 [2006]; *see Maury v Maury,* 7 AD3d 585, 586 [2004]; *Mahon v New York City Health & Hosps. Corp.,* 303 AD2d 725 [2003]).

Here, the language of the parties' stipulation of settlement is not ambiguous. The stipulation, which was made in open court with the representation of counsel, did not provide for the distribution of the defendant's pension and deferred compensation plans. The terms of the stipulation were primarily dictated by the plaintiff's own counsel and therefore reflect the plaintiff's intent at that time (*see Mock v Chamberlain,* 224 AD2d 499 [1996]). The plaintiff's intent that the stipulated settlement did not include a division of the defendant's deferred compensation and pension is further evidenced by the plaintiff's counsel's representation that there was "[n]othing else" to place on the record and by the voir dire that was then conducted of the parties (*see Furey v Furey,* 230 AD2d 708, 709 [1996]). The record therefore fails to contain the "high level of proof" of a mutual mistake that is required to overcome the plain and unambiguous language of the parties' stipulation (*see Phillips v Phillips,* 300 AD2d 642, 644 [2002]; *Dykstra v Dykstra,* 211 AD2d 745, 746 [1995]). Accordingly, the Supreme Court erred in unilaterally inserting the disputed provisions (*see Karmin v Karmin,* 19 AD3d 458, 459 [2005]).

Contrary to the plaintiff's contention, the New York State Retirement System does not fall under ERISA (*see* 29 USC § 1003 [b] [1]), and therefore there was no written waiver requirement with respect to the defendant's pension.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.