■ In the Matter of DENIZ BRINK, Appellant, v DAVID L. BRINK, Respondent. [867 NYS2d 94]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Luft, J.), dated August 23, 2007, as denied her objections to stated portions of an order of the same court (Grier, S.M.), dated June 12, 2007, which, after a hearing, inter alia, denied those branches of her petition which were for reimbursement of the father's 50% share of health care, summer camp, and child care expenses and awarded her an attorney's fee in the sum of only $3,500.

Ordered that the order dated August 23, 2007 is modified, on the law, by deleting the provisions thereof denying the mother's objections to so much of the order dated June 12, 2007, as denied those branches of her petition which were for reimbursement of the father's 50% share of health care, summer camp, and child care expenses, and substituting therefor a provision sustaining the objections to that portion of the order dated June 12, 2007, and directing the father to pay the mother his 50% share of health care, summer camp, and child care expenses, in the total sum of $35,356.90; as so modified, the order is affirmed insofar as appealed from, with costs to the mother.

The mother commenced the instant proceeding, inter alia, seeking reimbursement from the father for child care, summer camp, and unreimbursed health care expenses expended for the parties' child. The parties' judgment of divorce, among other things, directed the father to pay the mother his monthly child support obligation, "together with such dollar amounts or percentages [50%] for child care, education and health care as set forth [in] the parties' agreement entered on March 6, 2000

as well as the Amendment to the Agreement between the parties dated November 25, 2002." The parties' separation agreement, as amended, provided that "the parties shall share equally [50%] the cost of medical and dental expenses of said unemancipated child not reimbursed by applicable medical insurance coverage." The separation agreement also required the father to pay for one-half of the transportation and tuition expenses of summer camp.

The terms of a separation agreement incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties (see Matter of Gravlin v Ruppert, 98 NY2d 1, 3-7 [2002]). "[W]hen interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Joseph v Creek & Pines, 217 AD2d 534, 535 [1995]; see Partrick v Guarniere, 204 AD2d 702, 704 [1994]).

Here, the Support Magistrate incorrectly interpreted the judgment of divorce and the separation agreement in denying those branches of the mother's petition which were for reimbursement of child care, summer camp, and unreimbursed health care expenses. Contrary to the Support Magistrate's findings, there was no requirement in the judgment of divorce or the separation agreement that the mother present a formal demand to the father for reimbursement of child care and summer camp expenses, or that she must use the father's insurance carrier to obtain health care for the child.

Accordingly, the mother's objections to the Support Magistrate's denial of her claim for reimbursement of the father's 50% share of health care, summer camp, and child care expenses should have been sustained and the Family Court should have directed the father to pay the mother his 50% share of health care, summer camp, and child care expenses in the total sum of $35,356.90.

However, the Support Magistrate's award of an attorney's fee in the sum of $3,500, which took into consideration the equities and circumstances of the case and the respective financial status of the parties (see Lodovico v Lodovico, 51 AD3d 731 [2008]; Palumbo v Palumbo, 10 AD3d 680, 682 [2004]), was a provident exercise of discretion and the objection thereto was properly denied. Rivera, J.P., Dillon, Covello and Angiolillo, JJ., concur.