■ HEATHER BOOK, Respondent-Appellant, v EDWARD BOOK, Appellant-Respondent. [875 NYS2d 486]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Fitzmaurice, J.), entered June 1, 2007, as, upon the plaintiff's motion to modify and reform the child support provisions of the parties' stipulation of settlement dated April 24, 2006, directed him to pay, pendente lite, 75% of the private religious school tuition and related expenses and summer camp expenses of the parties' children, and the plaintiff cross-appeals from so much of the same order as denied her motion.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, without costs or disbursements.

The parties to this matrimonial action entered into a stipulation of settlement dated April 24, 2006 (hereinafter the stipulation). While the stipulation generally provided that the husband was responsible for approximately 75% of child support expenses, it was silent on the issue of the expenses for the children's religious education and summer camps. In January 2007, the wife moved to modify and reform the child support provisions of the stipulation on the ground of mutual mistake or unconscionability. She argued that the parties had agreed that the husband would pay 75% of the children's educational and camp expenses, but, due to a "computer glitch" in her attorneys' office, such provisions were inadvertently omitted from the draft versions of the stipulation sent to the husband's attorney, as well as the final version signed by the parties. The husband countered that either the parties never discussed such provisions, or contemplated that the wife would pay 100% of those costs. While finding that the plaintiff had failed to demonstrate a basis to modify or invalidate the stipulation, the Supreme Court nevertheless directed the husband to pay, pendente lite, 75% of the private religious school tuition and related expenses and summer camp expenses, based upon its "regard for the circumstances of the case and the respective parties and in the best interests of the children." This was error.

A mutual mistake may furnish the basis for reforming a written agreement when "the parties have reached an oral agree-

ment and, unknown to either, the signed writing does not express that agreement" (*Chimart Assoc. v Paul,* 66 NY2d 570, 573 [1986]; *see Maury v Maury,* 7 AD3d 585, 586 [2004]; *Phillips v Phillips,* 300 AD2d 642, 643 [2002]; *Brown v Brown,* 226 AD2d 1010, 1011 [1996]). Here, the Supreme Court correctly found that the wife failed to meet her high burden of proof to overcome the plain and unambiguous language of the stipulation and demonstrate that the parties actually had agreed upon the contested provisions (*see Chimart Assoc. v Paul,* 66 NY2d at 574; *Hannigan v Hannigan,* 50 AD3d 957, 958 [2008]; *Phillips v Phillips,* 300 AD2d at 644; *Vermilyea v Vermilyea,* 224 AD2d 759, 760 [1996]; *Dykstra v Dykstra,* 211 AD2d 745, 746 [1995]). The Supreme Court also correctly determined that the wife failed to meet her burden of demonstrating that the terms of the stipulation were unconscionable (*see Doukas v Doukas,* 47 AD3d 753, 753-754 [2008]; *Rubin v Rubin,* 33 AD3d 983, 985 [2006]; *Brennan-Duffy v Duffy,* 22 AD3d 699 [2005]; *Strangolagalli v Strangolagalli,* 295 AD2d 338 [2002]).

Accordingly, the Supreme Court properly denied the wife's motion to modify and reform the child support provisions of the parties' stipulation of settlement. The unavailability of such relief did not provide a basis for the pendente lite award. Spolzino, J.P., Florio, McCarthy and Dickerson, JJ., concur.