■ ERIN QUINN, Respondent, v WILLIAM QUINN, Appellant. [899 NYS2d 859]—

In a matrimonial action, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Willen, J.H.O.), entered May 8, 2009, as awarded the plaintiff an attorney's fee in the sum of $9,000.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

An award of an attorney's fee pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Stadok v Stadok*, 25 AD3d 547 [2006]; *Herzog v Herzog*, 18 AD3d 707, 709 [2005]). The issue of such a fee " 'is controlled by the equities and circumstances of each particular case' " (*Gruppuso v Caridi*, 66 AD3d 838, 839 [2009], quoting *Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]). In its determination of an attorney's fee application within the context of a matrimonial action, the trial court must consider, inter alia, the relative financial circumstances of the parties (*see Prichep v Prichep*, 52 AD3d 61 [2008]; *Timpone v Timpone*, 28 AD3d 646 [2006]; *Popelaski v Popelaski*, 22 AD3d 735 [2005]). The determination an attorney's fee can also be affected by the consideration of whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation (*see Matter of Brink v Brink*, 55 AD3d 601 [2008]; *Prichep v Prichep*, 52 AD3d 61 [2008]; *Grumet v Grumet*, 37 AD3d 534 [2007]).

Here the Supreme Court did not improvidently exercise its discretion in awarding an attorney's fee to the plaintiff. Although the parties are on relatively equal financial footing, the record discloses that, but for the defendant's conduct in this case, the plaintiff would not have incurred significant legal fees (*see Matter of Brink v Brink*, 55 AD3d 601 [2008]; *Prichep v Prichep*, 52 AD3d 61 [2008]; *Saslow v Saslow*, 305 AD2d 487 [2003]; *see also Baron v Baron*, 71 AD3d 807 [2010]). Accordingly, an award of an attorney's fee was warranted (*see Denholz v Denholz*, 147 AD2d 522 [1989]).

The defendant's remaining contentions are without merit. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.