*892 In an action for a divorce and ancillary relief, the defendant appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Nassau County (Zimmerman, J.), entered November 15, 2011, which, upon a decision of the same court dated May 14, 2010, made after a nonjury trial (Ross, J.), inter alia, directed him to pay child support in accordance with the parties’ stipulation of settlement entered into in open court on December 10, 2009, which was incorporated but not merged into the judgment, awarded the plaintiff a money judgment in the sum of $84,053.11, reflecting her share of marital assets that he transferred or secreted during the course of the litigation, and awarded the plaintiff counsel fees in the sum of $25,000.
Ordered that the judgment is affirmed insofar as appealed from, with costs.
Contrary to the defendant’s contention, the Supreme Court did not impute greater income to him for the purpose of determining his child support obligation than was supported by the record (see generally Baumgardner v Baumgardner, 98 AD3d 929, 930-931 [2012]). Rather, the Supreme Court adopted the parties’ agreement as to child support, which was based on the defendant’s representation in open court that his income was $120,000 per year.
The Supreme Court providently exercised its discretion in determining that the plaintiff was entitled to a money judgment in the sum of $84,053.11, or 65% of the amounts in the parties’ bank accounts. The record amply supports the Supreme Court’s determination that the defendant secreted marital funds and failed to comply with his obligation to provide full financial disclosure (see Michaelessi v Michaelessi, 59 AD3d 688, 689 [2009]; cf. Weilert v Weilert, 167 AD2d 463, 464 [1990]). Contrary to the defendant’s contention, the Supreme Court’s decision reflects that, in determining equitable distribution of the parties’ bank accounts, it properly considered the relevant statutory factors (see Ropiecki v Ropiecki, 94 AD3d 734, 735-736 [2012]; cf. Haas v Haas, 265 AD2d 887, 888 [1999]).
The Supreme Court providently exercised its discretion in awarding the plaintiff counsel fees in the sum of $25,000 (see Quinn v Quinn, 73 AD3d 887, 887 [2010]).
The defendant’s remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Dillon, Dickerson and Austin, JJ., concur.