◼ ROLAND HACKETT, Respondent, v CAROL HACKETT, Appellant. [982 NYS2d 167]—

In an action to reform the parties' settlement agreement, which was incorporated but not merged in their judgment of divorce dated February 3, 2006, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Sunshine, J.), dated February 21, 2012, as granted those branches of the plaintiff's motion which were to reject so much of the report and recommendations of a court attorney referee dated May 26, 2011, as, after a hearing, recommended that the settlement agreement should not be reformed on the ground of mutual mistake and that the defendant should be awarded a counsel fee in the sum of $10,000, and denied those branches of her cross application which were to confirm so much of the report and recommendations as recommended that the settlement agreement should not be reformed on the ground of mutual mistake and, in effect, to confirm so much of the report and recommendations as recommended that she be awarded a counsel fee in the sum of $10,000, and reformed the settlement agreement to require her to pay the plaintiff the sum of $100,276.50.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as denied those branches of the defendant's cross application which were to confirm so much of the report and recommendations as recommended that the settlement agreement should not be reformed on the ground of mutual mistake and, in effect, to confirm so much of the report and recommendations as recommended that she be awarded a counsel fee in the sum of $10,000, is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were to reject so much of the report and recommendations as recommended that the settlement agreement should not be reformed and that the defendant should be awarded a

counsel fee in the sum of $10,000 are denied, and those branches of the defendant's cross application which were to confirm so much of the report and recommendations as recommended that the settlement agreement should not be reformed and, in effect, to confirm so much of the report and recommendations as recommended that she should be awarded a counsel fee in the sum of $10,000 are granted, and the provision thereof reforming the settlement agreement to require the defendant to pay the plaintiff the sum of $100,276.50 is vacated.

The parties were married in November 1982. More than 22 years later, in February 2005, the plaintiff commenced an action for a divorce. On January 12, 2006, the parties settled their divorce action and executed a written settlement agreement, which was incorporated but not merged into their ensuing judgment of divorce. Under the terms of the settlement agreement, the marital residence, which then had an estimated fair market value of $465,000, was awarded to the defendant, and she assumed responsibility for repayment of a first mortgage and a home equity loan with a combined outstanding balance of $195,124. The plaintiff was awarded sole ownership of his restaurant business, which had an appraised value of between $360,000 to $385,000, but which the parties agreed to value, for purposes of the settlement, at only $325,000. The defendant also agreed, inter alia, to waive her right to seek valuation of the plaintiff's certification as a public accountant, which he acquired during the marriage. An accompanying "Schedule A" listed the dollar values of the assets being allocated to each party, and purportedly equalized the division of assets by requiring the plaintiff to pay the defendant the sum of $19,336. The parties acknowledged in open court that they had read and understood the terms of the settlement agreement, and had not been forced or coerced into signing it.

Approximately two years later, in January 2008, the plaintiff commenced this action, seeking to reform the settlement agreement on the ground that an alleged mutual mistake had resulted in the unequal division of the marital assets. The plaintiff alleged that the settlement agreement contained a "computational error" on Schedule A that undervalued the defendant's share of the marital assets, resulting in a windfall to her in excess of $100,000. The plaintiff maintained that this represented a mutual mistake because certain language in the agreement expressed an intent to equally divide the parties' assets. The defendant denied that the calculation of marital assets set forth in the settlement agreement was a mistake in light of, inter alia, her assumption of all of the marital debt and the parties' stipu-

lation to undervalue the plaintiff's business. The defendant also requested an award of counsel fees in connection with her defense of the terms of the settlement agreement and her counterclaims for enforcement of certain of its provisions.

The Supreme Court referred the matter to a court attorney referee to hear and report. After a hearing, the court attorney referee issued a report and recommendations which, inter alia, recommended that the cause of action seeking reformation of the settlement agreement be denied and that the defendant be awarded a counsel fee in the sum of $10,000. The plaintiff moved pursuant to CPLR 4403 to reject the report and recommendations, and the defendant made a cross application to confirm the report and to increase the recommended award of counsel fees. The Supreme Court granted the plaintiff's motion to reject the report and recommendations, and denied the defendant's cross application, concluding that the settlement agreement should be reformed because there had been a mutual mistake in calculating the value of the assets allocated to each party that undermined their intent to divide their assets equally. Based upon its determination, the court reformed the settlement agreement to require the defendant to pay the plaintiff the sum of $100,276.50.

"Marital settlement agreements are judicially favored and are not to be easily set aside" (*Simkin v Blank*, 19 NY3d 46, 52 [2012]; *see McCoy v Feinman*, 99 NY2d 295, 302 [2002]; *Christian v Christian*, 42 NY2d 63, 71-72 [1977]). Although a mutual mistake by the parties may form the basis for reformation of a marital settlement agreement, "the mistake must be 'so material that . . . it goes to the foundation of the agreement' " (*Simkin v Blank*, 19 NY3d at 52, quoting *Da Silva v Musso*, 53 NY2d 543, 552 [1981]). "[T]o overcome the heavy presumption that a deliberately prepared and executed written instrument manifested the true intention of the parties, evidence of a very high order is required" (*George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219 [1978]; *see True v True*, 63 AD3d 1145, 1147 [2009]; *Book v Book*, 58 AD3d 781, 783 [2009]; *Friedman v Friedman*, 247 AD2d 430, 431 [1998]). The party seeking reformation must show clearly and beyond doubt that there has been a mutual mistake, and must show "with equal clarity and certainty 'the *exact* and *precise* form and import that the instrument ought to be made to assume, in order that it may express and effectuate what was really intended by the parties' " (*Janowitz Bros. Venture v 25-30 120th St. Queens Corp.*, 75 AD2d 203, 215 [1980], quoting 13 Walter H.E. Jaeger, Williston on Contracts § 1548 at 125 [3d ed 1970]; *see True v True*, 63 AD3d at 1147).

Contrary to the Supreme Court's determination, the plaintiff failed to meet his high burden of proof of demonstrating that, as a result of a mutual mistake, the settlement agreement did not reflect the true intent of both parties with respect to the distribution of the marital estate, and that the precise form the agreement was intended to take would require the defendant to pay the plaintiff the sum of $100,276.50 (*see Book v Book*, 58 AD3d at 783; *Hannigan v Hannigan*, 50 AD3d 957, 958 [2008]; *Weissman v Weissman*, 300 AD2d 261, 262 [2002]; *Friedman v Friedman*, 247 AD2d at 431). The plaintiff testified at the hearing that the parties intended to divide their assets equally, and that this intention was not fulfilled because a computational error resulted in the defendant's receipt of assets that exceeded the stipulated value of the assets he received. According to the defendant, however, the settlement agreement, which was the product of extensive negotiations, conformed to her expectation that she would be awarded title to the marital residence in exchange for her assumption of marital debt and relinquishment of her claims to the plaintiff's business, an interest in his certification as a public accountant, and spousal maintenance. Further, the defendant testified that she would not have entered into the agreement had she been aware that she would be required to pay the plaintiff the sum of $100,276.50 to precisely equalize the stipulated value of the assets allocated to each party. Under these circumstances, the plaintiff has not shown, clearly and beyond doubt, that the settlement agreement was the result of mutual rather than unilateral mistake, and that it must be reformed to require the defendant to pay him $100,276.50 in order to effectuate the true intent of both parties (*see Friedman v Friedman*, 247 AD2d at 431; *see also Surlak v Surlak*, 95 AD2d 371, 384 [1983]). Accordingly, the Supreme Court should have confirmed the referee's recommendation that the settlement agreement not be reformed.

The Supreme Court also should have confirmed the referee's recommendation to award the defendant a counsel fee in the sum of $10,000, since she incurred counsel fees in seeking to uphold and enforce the valid settlement agreement (*see* Domestic Relations Law § 238; *Montero v Montero*, 85 AD3d 986, 987 [2011]; *Stephenson v Stephenson*, 116 AD2d 504, 506 [1986]; *cf. Fine v Fine*, 26 AD3d 406 [2006]). Eng, P.J., Dillon, Dickerson and Sgroi, JJ., concur.