■ Mortgage Electronic Registration Systems, Inc., as Nominee for Aurora Loan Services, Respondent, v Effie Kontarinis et al., Defendants, and Steve Kontarinis, Appellant. [1 NYS3d 843]—

In an action to foreclose a mortgage, the defendant Steve Kontarinis appeals from an order of the Supreme Court, Queens County (Butler, J.), entered August 29, 2012, which denied his motion, inter alia, to restore to the motion calendar his motion to vacate and set aside a judgment of foreclosure and sale entered April 6, 2006.

Ordered that the order is affirmed, with costs.

On August 14, 2006, the appellant entered into a stipulation of settlement whereby, inter alia, he withdrew his motion to vacate and set aside a judgment of foreclosure and sale entered April 6, 2006. The appellant contends that the stipulation is invalid and unenforceable, and therefore, the Supreme Court erred in denying his motion, inter alia, to restore to the motion

calendar his motion to vacate and set aside the judgment of foreclosure and sale.

"Settlements entered into in open court are binding and are not lightly cast aside" (*Matter of Arzillo*, 223 AD2d 701, 701 [1996], citing *Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *see Matter of Talbot*, 104 AD3d 775, 777 [2013]). A stipulation is an independent contract which is subject to basic principles of contract law (*see Hannigan v Hannigan*, 50 AD3d 957 [2008]). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York*, 64 NY2d at 230; *see Matter of Talbot*, 104 AD3d at 777; *Singh v North Shore Univ. Hosp.*, 76 AD3d 1004 [2010]). Here, the Supreme Court correctly found that none of the appellant's arguments for invalidating the stipulation of settlement was sufficient to warrant vacating the stipulation.

The appellant's remaining contention is without merit. Rivera, J.P., Dickerson, Roman and Cohen, JJ., concur.