Boukas v Boukas (2018 NY Slip Op 05273)





Boukas v Boukas


2018 NY Slip Op 05273


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2016-03836
 (Index No. 26696/11)

[*1]Alex Boukas, respondent, 
v
Afrodite Boukas, appellant.


Schlissel Ostrow Karabatos PLLC, Garden City, NY (Jennifer Rosenkrantz and Arnold S. Klein of counsel), for appellant.
Christian L. Goetz, Huntington, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated December 23, 2015. The order, insofar as appealed from, denied that branch of the defendant's motion which was for an award of counsel fees.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for an award of counsel fees, and substituting therefor a provision granting that branch of the motion to the extent of awarding the defendant counsel fees in the sum of $15,000 and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.
The parties were married in 1991 and have two children together. In 2011, the plaintiff commenced an action for a divorce and ancillary relief. The parties executed a stipulation of settlement dated September 10, 2013, which was incorporated but not merged into a judgment of divorce entered March 14, 2014, and included a vacation and parental access schedule with regard to the parties' children. The defendant moved to find the plaintiff in contempt of the parties' stipulation of settlement based on alleged violations of this schedule. The plaintiff cross-moved to hold the defendant in contempt, alleging noncompliance by the defendant with certain terms of the stipulation of settlement. The parties settled all issues with the exception of counsel fees, which issue was referred to the court for determination. In the order appealed from the Supreme Court, inter alia, denied that branch of the defendant's motion which was for an award of counsel fees.
In determining whether an award of counsel fees is appropriate, the court must [*2]consider the equities and circumstances of each particular case, the relative merit of the parties' contentions and their respective financial positions (see Domestic Relations Law § 238; Mons Pinto v Pinto, 151 AD3d 715; Ackerman v Midura, 145 AD3d 647; Pelgrim v Pelgrim, 127 AD3d 710, 714; Hackett v Hackett, 115 AD3d 800, 803; Pathak v Shukla, 109 AD3d 891, 892; Quinn v Quinn, 73 AD3d 887; Lauria v Usak-Lauria, 65 AD3d 1017).
Here, the defendant was entitled to reasonable counsel fees in connection with this matter, as the plaintiff's conduct in violation of the stipulation of settlement caused these fees to be incurred (see Pathak v Shukla, 109 AD3d 891, 892; Quinn v Quinn, 73 AD3d 887; Lauria v Usak-Lauria, 65 AD3d 1017). An award of counsel fees in the sum of $15,000 is supported by the record.
BALKIN, J.P., AUSTIN, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court