Ciccone v Ciccone (2018 NY Slip Op 07408)





Ciccone v Ciccone


2018 NY Slip Op 07408


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-06560
 (Index No. 4422/12)

[*1]Ramona Ciccone, respondent, 
v
John Paul Ciccone, appellant.


Meth Law Offices, P.C., Chester, NY (Michael D. Meth of counsel), for appellant.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Orange County (Lori Currier Woods, J.), dated May 20, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to enforce a provision of the parties' stipulation of settlement directing the distribution of a certain bank account and for an award of an attorney's fee.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties entered a stipulation of settlement, which was incorporated but not merged into a judgment of divorce dated October 8, 2014. In August 2015, the plaintiff moved, inter alia, to enforce a provision of the stipulation directing that she receive 50% of a certain bank account containing no less than $54,000 and for an award of an attorney's fee. The defendant had withdrawn approximately $25,000 from this account, thereby depleting the amount available for distribution. The defendant asserted that he had used these funds to pay bills incurred by the parties or their children. In an order dated May 20, 2016, the Supreme Court granted those branches of the plaintiff's motion. The defendant appeals.
We agree with the Supreme Court's determination that the plaintiff was entitled to 50% of the amount withdrawn by the defendant from the subject bank account in accordance with the stipulation. Accordingly, we agree with the court's determination to grant that branch of the plaintiff's motion which was to enforce this provision of the stipulation (see Klein v Klein, 134 AD3d 1066; Stein v Stein, 130 AD3d 604, 605).
Under the circumstances, the Supreme Court providently exercised its discretion in awarding the plaintiff an attorney's fee in the sum of $3,500 (see Mollah v Mollah, 136 AD3d 992, 993; Hackett v Hackett, 115 AD3d 800, 803; Pathak v Shukla, 109 AD3d 891, 892; Quinn v Quinn, 73 AD3d 887).
The defendant's remaining contentions are without merit.
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court