# (June 27, 1983)

■ JOHN J. BAECHER, Respondent-Appellant, v JOHN J. BAECHER, JR., Appellant-Respondent, and ELIZABETH BAECHER, Respondent. — In an action to foreclose a second mortgage, plaintiff John Joseph Baecher and defendant

John J. Baecher, Jr., cross-appeal from (1) a "consent agreement" made March 11, 1981; (2) an order of the Supreme Court, Westchester County (Walsh, J.), entered May 21, 1981, which granted defendant Elizabeth Baecher's unopposed motion to enter judgment against plaintiff and Aetna Casualty and Surety Company in the amount of $22,500, together with interest and costs, pursuant to the terms of the March 11, 1981 stipulation of settlement; and (3) a judgment of said court entered May 22, 1981 upon the aforesaid order. On the court's own motion, appeals dismissed, without costs or disbursements. The appeals by defendant John J. Baecher, Jr. have been perfected in violation of our order dated June 9, 1982; and the appeals by plaintiff John Joseph Baecher have been perfected in violation of our orders dated June 9, 1982 and October 19, 1982. Moreover, a review of the papers filed on appeal demonstrates the absence of an appealable order. No appeal lies from the stipulation of settlement (the "consent agreement" of March 11, 1981) entered into between plaintiff and defendant Elizabeth Baecher. Nor does an appeal lie from the unopposed order and judgment entered upon said stipulation. Plaintiff's remedy is to move to vacate the stipulation of settlement (cf. *Matter of Colletti v Colletti,* 56 AD2d 845). Finally, John J. Baecher, Jr.'s appeals are dismissable on still another crucial ground. Having been released from the instant action, on his own motion, prior to its settlement by stipulation, he is not an aggrieved party within the meaning of CPLR 5511. Mollen, P. J., Damiani, Lazer and Mangano, JJ., concur.