■ SAMUEL J. POZZANGHERA, Respondent, v THEODORE ANDERSON, Appellant, et al., Defendant. (Appeal No. 1.)—Judgment unanimously modified on the law and as modified affirmed with costs to defendant Anderson, in accordance with the following memorandum: Defendant Anderson appeals from an order and judgment entered following a jury trial, wherein the jury awarded compensatory damages of $8,500 and punitive damages of $2,500 for assault and battery; compensatory damages of $12,000 and punitive damages of $3,000 for wrongful arrest; and compensatory damages of $20,000 and punitive damages of $5,000 for defamation. Pursuant to CPLR 4404 (a), defendant moved for an order setting aside the jury verdicts and granting a new trial. The court, in granting partial relief, ordered a new trial unless the plaintiff stipulated to accept reduced awards in the following actions: compensation damages of $1,000 and punitive damages of $1,000 for the assault and battery; and $5,000 compensatory damages for the defamation action. On this appeal defendant Anderson appeals from the order and the resulting judgment entered against him, while the plaintiff cross-appeals from so much of

the order that reduces the jury verdicts and dismisses the actions against the defendant estate of Lawrence Carson. Inasmuch as plaintiff has stipulated to the reduced amount of damages, he is not an aggrieved party and may not raise this issue by cross appeal (see, CPLR 5511; *Smith v Hooker Chem. & Plastics Corp.*, 69 NY2d 1029). That fact does not preclude our review of this issue, however, in that CPLR 5501 (a) (5) confers jurisdiction upon this court to review the reduced verdicts by reason of the defendant's appeal. Upon our review of the stipulated reductions, we perceive no reason to exercise that jurisdiction.

We agree with the order of the trial court, except for the denial of defendant's motion to set aside the jury verdicts in the action for wrongful arrest. Plaintiff failed to establish that he was wrongfully detained. Plaintiff's sole contention is that he was detained by the service of an appearance ticket. This did not restrict plaintiff's freedom and, therefore, does not form a basis for his wrongful arrest claim *(Pritchett v State of New York,* 61 AD2d 1110). The order and judgment appealed from should be modified on the law by reversing so much of the awarded damages for wrongful arrest and as modified, affirmed. (Appeal from judgment of Supreme Court, Genesee County, Graney, J.—assault, false arrest.) Present—Dillon, P. J., Green, Balio and Lawton, JJ.