■ In the Matter of SUSAN A. FARQUHAR, Respondent, v LEROY H. PITT, SR., Appellant. [596 NYS2d 484] —Mahoney, J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered January 3, 1992, which, in a proceeding pursuant to Family Court Act article 8, issued an order of protection against respondent.

Respondent has filed a notice of appeal from an order of protection entered pursuant to a stipulation made in connection with a Family Court Act article 8 proceeding. The proceeding was commenced by petitioner, the mother of one of respondent's children, and alleged that respondent violated the terms of a temporary order of protection. Under the subsequent stipulation, respondent, who had been ordered to jail pending a hearing on the violation petition, agreed to entry of a one-year order of protection and to seek alcohol counseling in return for petitioner's agreement to withdraw her violation petition, which resulted in his release from jail. On appeal, respondent seeks to vacate the order of protection contending that his imprisonment pending a hearing on the violation petition was unlawful and that the subsequent stipulation was procured under duress of the assertedly illegal imprisonment.

In our view, this appeal cannot be maintained. Inasmuch as the instant order is an unopposed order entered upon stipulation, respondent cannot be said to be an aggrieved party (CPLR 5511; *see, e.g., Baecher v Baecher,* 95 AD2d 841; *cf., Pozzanghera v Anderson,* 136 AD2d 912). His remedy is to move in Family Court to vacate the order, at which time he can present proof in support of his allegations of duress, proof which is completely absent from this record *(cf., Baecher v Baecher, supra).*

Levine, J. P., Mercure, Casey and Harvey, JJ., concur. Ordered that the appeal is dismissed, without costs.