■ VILLAGE OF ELLENVILLE, Respondent, v DAVID A. SEARLES et al., Appellants. [652 NYS2d 151] —Casey, J. Appeal from an order of the Supreme Court (Cobb, J.), entered April 3, 1995 in Ulster County, which, *inter alia,* partially granted plaintiff's motion for summary judgment.

This action was commenced to determine the rights to certain land claimed by plaintiff as part of the Village streets that abut defendants' corner lot. After issue was joined, plaintiff moved for summary judgment. Supreme Court granted the motion to the extent that plaintiff was determined to be the owner of the land and entitled to injunctive relief concerning obstructions and obstacles. Defendants appeal.

In support of its motion for summary judgment, plaintiff submitted the affidavit of a professional land surveyor, accompanied by documentary evidence, which demonstrated that the disputed property lay within the streets to which plaintiff held title. We agree with Supreme Court that plaintiff met its initial burden as the party seeking summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

In opposition to the motion, defendants claimed that the 100-

year-old deed which conveyed the property to plaintiff was void because one of the grantors named in the deed was allegedly a member of plaintiff's Board of Trustees at the time of the conveyance. According to defendants, the conveyance violated then-existing common-law rules (*see, e.g., Smith v City of Albany*, 61 NY 444). The rules, which were derived from the law of trusts and agency and which recognized a fiduciary relationship between a municipality and its servants, were "intended to prevent self-dealing by public employees at the people's expense" (*Stettine v County of Suffolk*, 66 NY2d 354, 361 [Simons, J., dissenting]). Here, however, there is no evidence of such self-dealing It is clear that the land was dedicated to plaintiff for use as Village streets. Dedication is essentially a gift (*see, Village of Tarrytown v Woodland Lake Estates*, 97 AD2d 338, 340). Defendants' claim that the grantor who was allegedly a member of plaintiff's Board of Trustees might have benefited from the dedication is pure speculation and patently insufficient to invoke the common-law rules against self-dealing that existed at the time of the dedication. As noted by Supreme Court, plaintiff has actually possessed the paved portion of the streets and constructively possessed the remainder of the rights-of-way pursuant to the dedication for more than 100 years.

Defendants' remaining argument concerning the disputed land is based upon their claim that plaintiff's surveyor used the wrong boundary description. The surveyor, however, used the description contained in defendants' deed. Defendants' suggestion that the actual boundaries of their lot may be different than the metes and bounds description in their deed is pure speculation, with no evidentiary support in the record. As plaintiff met its initial burden on its motion for summary judgment, defendants were required to produce evidentiary proof in admissible form to demonstrate the existence of triable issues of fact, and "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman v City of New York*, 49 NY2d 557, 562, *supra*).

Defendants' answer includes a counterclaim for damages for false imprisonment based upon the manner in which defendant Patricia Searles was served with the summons and complaint. We agree with Supreme Court that the brief traffic stop for service of process, with no actual custody, is insufficient to establish the requisite confinement (*see, Kramer v Herrera*, 176 AD2d 1241; *Pozzanghera v Anderson*, 136 AD2d 912, 913). Supreme Court's order should be affirmed.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.