MERLYN D. DEWEY et al., Respondents, v ELDORIS G. GARDNER et al., Appellants. [669 NYS2d 766] —Cardona, P. J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered December 30, 1996 in Clinton County, which, *inter alia*, granted plaintiffs' motion for summary judgment.

This action arises out of a boundary line dispute between plaintiffs and defendants, owners of adjoining properties located on the north side of Ganong Drive in the Town of Saranac, Clinton County. Plaintiffs are the owners of 242 Ganong Drive, which is located to the west of 244 Ganong Drive, the property owned by defendants. An asphalt driveway, used exclusively by plaintiffs, runs between the two properties.

Plaintiffs originally acquired 242 Ganong Drive in 1953. In 1961, they acquired a five-foot right-of-way over 244 Ganong Drive so that they would be able to legally use the entire width

of their driveway. In 1974, plaintiffs purchased 244 Ganong Drive from Larry Velie and, in 1976, they conveyed this parcel to defendants reserving to themselves the five-foot strip of property over which they previously had only an easement. Plaintiffs, however, gave defendants an easement over this strip of property for the sole purpose of repairing and maintaining the residence located upon 244 Ganong Drive.

In 1993, plaintiffs erected a picket fence along the east edge of the driveway. In April 1995, defendants informed plaintiffs that the fence was on their property and directed them to remove it. In addition, they drove a post into the driveway near the center and painted lines on the pavement depicting the boundary line they believed divided the properties. They also parked a vehicle on a portion of the driveway, thereby obstructing its use by plaintiffs.

Plaintiffs, in turn, commenced this action pursuant to RPAPL article 15 and obtained a preliminary injunction, *inter alia*, requiring defendants to remove all obstructions. In their answer, defendants asserted counterclaims alleging, *inter alia*, nuisance, trespass, intentional infliction of emotional distress and slander. Plaintiffs moved for summary judgment seeking a declaration that the boundary line was located in accordance with their survey and an order dismissing defendants' counterclaims. Supreme Court granted their motion and declared that plaintiffs were seized of the property depicted in their survey. In addition, the court dismissed all of the counterclaims with the exception of the fourth which alleged trespass based upon plaintiffs' firing of a firearm over defendants' property. Defendants appeal.

In support of their motion for summary judgment, plaintiffs submitted, *inter alia*, a survey map prepared by Scott Allen, a licensed land surveyor. Allen's survey depicts the boundary line as lying on the east edge of the driveway between the two properties and discloses that the picket fence is located solely upon plaintiffs' property. This placement of the boundary line is based upon an iron pipe located near the center of the driveway as well as the remnants of fence posts that line up with that pipe. Allen avers that the line created by the fence posts and the pipe depict the common boundary line between plaintiffs' original parcel and 244 Ganong Drive prior to plaintiffs' reservation of the five-foot strip over which their 1961 right-of-way existed. According to Allen's survey, the current boundary line is five feet to the east of the original boundary line. This placement of the boundary line is substantiated by the affidavit of plaintiff Merlyn D. Dewey, who has owned

242 Ganong Drive for over 40 years and who confirms that the fence posts found by Allen are remnants of the original fence dividing the properties that was in existence in 1953 and that he removed in 1955. It is further substantiated by the affidavit of Raymond Carter, whose deceased parents previously owned 244 Ganong Drive. Acknowledging that the original boundary ran through the middle of plaintiffs' driveway, Carter states that it was he, acting in his capacity as executor of his father's estate, who conveyed the five-foot right-of-way to plaintiffs in 1961. In view of this proof, plaintiffs have met their initial burden of demonstrating entitlement to summary judgment (*see, Village of Ellenville v Searles*, 235 AD2d 692, *lv dismissed* 90 NY2d 889).

It is settled law that " 'one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his [or her] claim * * * mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient' " (*Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533, quoting *Zuckerman v City of New York*, 49 NY2d 557, 562). In opposition, defendants rely, *inter alia*, upon a survey map prepared by Roderick Cobane, a licensed land surveyor, which places the boundary line near the center of the driveway in line with the remnants of the fence posts. According to Cobane's affidavit, this is the east edge of the right-of-way conveyed to plaintiffs in 1961. However, it is clear from the record that Cobane's placement of the boundary line is based upon hearsay information undoubtedly supplied by defendants that the remnants of the fence posts are from a fence placed there after 1961, and upon his review of a sketch contained in an abstract of title which reveals that the lot deeded to defendants was 50 feet in width. He notes that Allen's survey incorrectly portrays the lot conveyed to defendants as 45 feet in width. Notably, the sketch does not depict any boundary lines, bears no signature nor does it contain any form of authentication as an accurate map of the property conveyed to defendants (*see*, Prince, Richardson on Evidence §§ 4-203, 4-211, at 143, 148 [Farrell 11th ed]), much less a certification by a licensed land surveyor. Therefore, it lacks any indicia of reliability as admissible documentary evidence.

Thus, we read Cobane's affidavit as containing only unsubstantiated assertions insufficient to raise questions of fact as to the location of the disputed boundary line so as to defeat plaintiffs' motion for summary judgment (*see, Amatulli v Delhi Constr. Corp., supra*). "Although hearsay may be considered in

opposition to a motion for summary judgment on behalf of a party who 'demonstrate[s] [an] acceptable excuse for his [or her] failure to meet the strict requirement of tender in admissible form' * * * no such demonstration has been made here" (*Noha v Gurda, Gurda & Tatz*, 178 AD2d 731, 732, quoting *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [citation omitted]; *compare, Egleston v Kalamarides*, 58 NY2d 682, 684). Based upon our review of the record, we conclude that defendants have failed to carry their burden. Therefore, under the circumstances presented here, Supreme Court properly granted plaintiffs' motion for summary judgment and declared that the location of the boundary line was in accordance with the Allen survey.

With the location of the boundary line resolved, there is insufficient proof of defendants' first and second counterclaims; thus, their dismissal was warranted. We also find record support for the dismissal of the third and fourth counterclaims, although Supreme Court only dismissed the former, based on defendants' failure to rebut Dewey's sworn denial that neither he, his wife nor anyone acting on his behalf "ever shot, discharged, or even aimed a firearm towards defendants' property". Furthermore, inasmuch as defendants failed to satisfy the specificity requirements for stating a cause of action for slander (*see,* CPLR 3016 [a]), we conclude that the court properly dismissed the fifth counterclaim.

As a final matter, we agree with defendants that Supreme Court improperly extinguished the easement expressly created by grant in the deed from plaintiffs. To terminate such an easement, there must be proof of abandonment, conveyance, condemnation or adverse possession (*see, Will v Gates*, 89 NY2d 778, 784; *Dowd v Ahr*, 78 NY2d 469, 474; *Firsty v De Thomasis*, 177 AD2d 839, 841). Plaintiffs failed to make the requisite showing.

Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as (1) granted that part of plaintiffs' complaint seeking to bar defendants from any claim in the nature of an easement, and (2) denied plaintiffs' motion to dismiss the fourth counterclaim alleging trespass; motion granted to that extent and said counterclaim is dismissed, and the easement expressly created in the deed from plaintiffs to defendants dated and recorded in the Clinton County Clerk's office on June 16, 1976 in Book 579 of Deeds at page 1105 is reinstated; and, as so modified, affirmed.