■ In the Matter of WENONA C. HAUSER, Appellant, v ANTONIO F. PRUITT, Respondent. [824 NYS2d 909]—In a proceeding pursuant to Family Court Act article 6 for a writ of habeas corpus, the mother appeals from an order of the Family Court, Rockland County (Christopher, J.), dated September 21, 2005, which, upon consent, inter alia, awarded sole legal custody of the children to the father.

Ordered that the appeal is dismissed, without costs or disbursements.

The appeal must be dismissed because the mother is not aggrieved by the order of custody entered upon her consent (see Matter of Jonathan G., 278 AD2d 324, 325 [2000]; Lewis v Lewis, 269 AD2d 429 [2000]). To the extent that the mother argues that her consent was not valid, her remedy is to seek vacatur of the order (see Matter of Polyak v Toyber, 2 AD3d 642, 643 [2003]). Florio, J.P., Miller, Spolzino and Dillon, JJ., concur.

■ In the Matter of JOSEPH P. HOTHHOUSE III et al., Petitioners, v VILLAGE OF OTISVILLE, Respondent. [824 NYS2d 908]— Proceeding pursuant to EDPL 207 to review a determination of the Village of Otisville, dated September 1, 2005, made after a public hearing, to condemn a portion of the petitioners' property.

Adjudged that the proceeding is dismissed, with costs.

A proceeding for judicial review of the condemnation of real property must be commenced "within thirty days after the condemnor's completion of its publication of its determination and findings" (EDPL 207 [A]). Here, a synopsis of the findings and determination was published in the Times Herald Record on September 15 and 16, 2005. Since the petition was not filed until October 18, 2005, the proceeding must be dismissed as untimely (see Matter of 922-932 W. Beech Corp. v City of Long Beach, 253 AD2d 465 [1998]; Matter of Turner v State of N.Y. Dept. of Transp., 97 AD2d 628 [1983]). Florio, J.P., Miller, Spolzino and Dillon, JJ., concur.