■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL BYRD, Appellant. [870 NYS2d 284]—

The court acted properly, and in any event did not cause defendant any prejudice, when, after defendant's trial counsel declined to represent him at the SORA hearing, it appointed, with defendant's consent, a competent attorney from the County Law article 18-B panel to do so rather than appointing the Legal Aid Society, which was representing defendant on a pending CPL article 440 motion. At no point during the SORA hearing did defendant or his newly assigned counsel object that the attorney with the Legal Aid Society should represent defendant or that the court should have contacted that attorney. The court did not interfere with an established attorney-client relationship (*see People v Knowles*, 88 NY2d 763, 766 [1996]; *People v Hall*, 46 NY2d 873, 875 [1979]), because defendant's relationship with his Legal Aid attorney was limited to his direct appeal, which had been completed years before, and to his CPL article 440 motion. The representation did not extend to the entirely distinct SORA proceeding, because "risk level determinations are a consequence of convictions for sex offenses, but are not a part of the criminal action or its final adjudication." (*People v Stevens*, 91 NY2d 270, 277 [1998].) The connection between the article 440 motion and the SORA hearing cited by defendant is illusory; while the article 440 motion became tangentially involved in the SORA hearing when the People asserted that the making of the motion evinced defendant's fail-

ure to accept responsibility for his crime, the court rejected that argument and assessed no points on that basis. While it may have been the better practice for the court to have contacted defendant's Legal Aid attorney, whose identity was known to the court, it does not follow that defendant is entitled to a new SORA hearing in the circumstances presented.

Since courts may take judicial notice of their own prior proceedings and records, including exhibits, even sua sponte after trial (*see Musick v 330 Wythe Ave. Assoc., LLC*, 41 AD3d 675, 676 [2007]; *Rothstein v City Univ. of N.Y.*, 194 AD2d 533, 534 [1993]), the SORA court properly considered the presentence report, which was part of the prior proceedings before it. While defendant complains on appeal that he did not have the opportunity to rebut the information in the report, the record reflects that his counsel made reference to the report and had a suitable opportunity to be heard as to its contents.

We have considered and rejected defendant's remaining arguments, including his challenges to particular point assessments made by the court. Concur—Tom, J.P., Friedman, Gonzalez, McGuire and Acosta, JJ.