THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. BROWN, Appellant. [1 NYS3d 722]—Appeal from an order of the Livingston County Court (Dennis S. Cohen, J.), dated August 8, 2013. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: Defendant appeals from an order adjudicating him a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). The record establishes, however, that defendant consented to that adjudication after consulting with defense counsel and, thus, "[t]he appeal must

be dismissed as no appeal lies from an order entered upon the consent of the appealing party" (*People v Welch*, 30 AD3d 392, 393 [2006]; *see People v Dennis*, 64 AD3d 760, 760 [2009]). To the extent that defendant contends that he consented to the order because he was denied effective assistance of counsel, we note that County Court has the "inherent power to relieve a party from a judgment 'for sufficient reason, in furtherance of justice' " (*Matter of Delfin A.*, 123 AD2d 318, 320 [1986], quoting *Ladd v Stevenson*, 112 NY 325, 332 [1889]). Consequently, defendant's remedy "is to move in [County] Court to vacate the order, at which time he can present proof in support of his allegations of [ineffective assistance of counsel, proof of] which is completely absent from this record" (*Matter of Farquhar v Pitt*, 192 AD2d 806, 806 [1993]; *see e.g. People v Byrd*, 57 AD3d 442 [2008], *lv denied in part and dismissed in part* 12 NY3d 795 [2009] [appeal from order denying motion to vacate prior order on ground of, inter alia, denial of right to counsel]; *see generally Matter of Hauser v Pruitt*, 35 AD3d 740, 740 [2006]; *Matter of Andresha G.*, 251 AD2d 1005, 1005 [1998]). Present—Smith, J.P., Peradotto, Lindley, Valentino and Whalen, JJ.