# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1289**
**KA 13-01569**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHN W. BROWN, DEFENDANT-APPELLANT.

---

JEANNIE D. MICHALSKI, CONFLICT DEFENDER, GENESEO, FOR
DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF
COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Livingston County Court (Dennis S. Cohen, J.), dated August 8, 2013. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum: Defendant appeals from an order adjudicating him a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). The record establishes, however, that defendant consented to that adjudication after consulting with defense counsel and, thus, "[t]he appeal must be dismissed as no appeal lies from an order entered upon the consent of the appealing party" (*People v Welch*, 30 AD3d 392, 393; *see People v Dennis*, 64 AD3d 760, 760). To the extent that defendant contends that he consented to the order because he was denied effective assistance of counsel, we note that County Court has the "inherent power to relieve a party from a judgment 'for sufficient reason, in furtherance of justice' " (*Matter of Delfin A.*, 123 AD2d 318, 320, quoting *Ladd v Stevenson*, 112 NY 325, 332). Consequently, defendant's remedy "is to move in [County] Court to vacate the order, at which time he can present proof in support of his allegations of [ineffective assistance of counsel, proof of] which is completely absent from this record" (*Matter of Farquhar v Pitt*, 192 AD2d 806, 806; *see e.g. People v Byrd*, 57 AD3d 442, *lv denied in part and dismissed in part* 12 NY3d 791 [appeal from order denying motion to vacate prior order on ground of, inter alia, denial of right to counsel]; *see generally Matter of Hauser v Pruitt*, 35 AD3d 740, 740; *Matter of Andresha G.*, 251 AD2d 1005, 1005).

Entered:  February 6, 2015                        Frances E. Cafarell
                                                  Clerk of the Court