Appeal from an order of the Livingston County Court (Dennis S. Cohen, J.), dated August 8, 2013. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.
It is hereby ordered that said appeal is unanimously dismissed without costs.
Memorandum: Defendant appeals from an order adjudicating him a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). The record establishes, however, that defendant consented to that adjudication after consulting with defense counsel and, thus, “[t]he appeal must *1381 be dismissed as no appeal lies from an order entered upon the consent of the appealing party” (People v Welch, 30 AD3d 392, 393 [2006]; see People v Dennis, 64 AD3d 760, 760 [2009]). To the extent that defendant contends that he consented to the order because he was denied effective assistance of counsel, we note that County Court has the “inherent power to relieve a party from a judgment ‘for sufficient reason, in furtherance of justice’ ” (Matter of Delfin A., 123 AD2d 318, 320 [1986], quoting Ladd v Stevenson, 112 NY 325, 332 [1889]). Consequently, defendant’s remedy “is to move in [County] Court to vacate the order, at which time he can present proof in support of his allegations of [ineffective assistance of counsel, proof of] which is completely absent from this record” (Matter of Farquhar v Pitt, 192 AD2d 806, 806 [1993]; see e.g. People v Byrd, 57 AD3d 442 [2008] , lv denied in part and dismissed in part 12 NY3d 795 [2009] [appeal from order denying motion to vacate prior order on ground of, inter alia, denial of right to counsel]; see generally Matter of Hauser v Pruitt, 35 AD3d 740, 740 [2006]; Matter of Andresha G., 251 AD2d 1005, 1005 [1998]). Present— Smith, J.P., Peradotto, Lindley, Valentino and Whalen, JJ.