*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015          519002
_____

In the Matter of COMMISSIONER
    OF SOCIAL SERVICES, on
    Behalf of STACEY TETI,
                    Respondent,          MEMORANDUM AND ORDER

        v

TIMOTHY KARCHER,
                    Appellant.
_____

Calendar Date:  April 30, 2015

Before:  Lahtinen, J.P., Garry, Egan Jr. and Rose, JJ.

_____

Michelle I. Rosien, Philmont, for appellant.

Columbia County Department of Social Services, Hudson (N. Daniel Reeder of William J. Better, PC, Kinderhook, of counsel), for respondent.

_____

Rose, J.

Appeal from an order of the Family Court of Columbia County (Koweek, J.), entered May 19, 2014, which, in a proceeding pursuant to Family Ct Act article 4, committed respondent to jail for 90 days for willfully violating a prior order of support.

Respondent is the father of two sons (born in 1992 and 1994).  Following their births, he was ordered to pay certain birth expenses and other child support.  In June 2013, after respondent owed a total of $13,722.02 in child support arrears, he had made no payments in nearly a decade and he had been found to have willfully violated the support order on four prior occasions, petitioner commenced this proceeding on the mother's

behalf.  At a hearing before a Support Magistrate, respondent admitted to willfully violating the support order, agreed to an order of disposition and consented to serve 90 days in jail. Family Court thereafter confirmed the order of disposition and issued an order of commitment.

Respondent appeals, arguing that Family Court abused its discretion by confirming the order of disposition without a hearing.  However, inasmuch as the order was entered upon respondent's consent, it is not appealable (see Matter of Na'Sir RR. [Devine RR.], 118 AD3d 1180, 1181 [2014]; Matter of Gabrielle S. [Reberick T.], 105 AD3d 1098, 1099 [2013]; Matter of Trenton G. [Lianne H.], 100 AD3d 1124, 1125 [2012]).  To the extent that respondent maintains that his consent was rendered involuntary by the ineffective assistance of counsel, "such an argument must be raised in a motion to vacate the underlying order" (Matter of Gabrielle S. [Reberick T.], 105 AD3d at 1099; see Matter of Connor S. [Joseph S.], 122 AD3d 1096, 1097 [2014]; Matter of Dante W. [Justin W.], 110 AD3d 1400, 1401 [2013]; see also Family Ct Act § 1061).

Lahtinen, J.P., Garry and Egan Jr., JJ., concur.

ORDERED that the appeal is dismissed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court