*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   April 7, 2016                     519679
_____

In the Matter of HAZEL
    O'SULLIVAN,
                    Petitioner,

        v                                MEMORANDUM AND ORDER

DENNIS SCHEBILSKI,
                    Appellant.
_____

Calendar Date:   February 17, 2016

Before:   McCarthy, J.P., Egan Jr., Rose and Lynch, JJ.

_____

        Ameer Benno, New York City, for appellant.

_____

Lynch, J.

        Appeal from an order of the Family Court of Ulster County
(McGinty, J.), entered July 29, 2014, which, among other things,
granted petitioner's application, in a proceeding pursuant to
Family Ct Act article 4, to hold respondent in willful violation
of a prior order of support.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of one child (born in
1992).  Pursuant to a support order issued in July 2005, adjusted
in September 2009, the father was directed to pay child support
in the amount of $142 per week.  In February 2013, the mother
commenced a violation proceeding in Family Court, contending that
the father had not paid child support totaling approximately
$80,000.  At a subsequent hearing, the father admitted that he
had not made a child support payment since March 2005 and owed
more than $99,000.  The father testified with regard to his
inability to work since 2001 and a pending personal injury claim,

but did not offer medical evidence to support his testimony. With the parties' consent, the Support Magistrate found that the father willfully violated the support order, granted the mother a judgment for $47,600 in arrears and recommended a suspended prison term conditioned on the father paying the personal injury settlement proceeds to the mother and producing medical evidence with regard to his disability.

At the confirmation hearing held in June 2013, the father explained that he was still expecting a personal injury settlement and a lump-sum award in his pending claim for Social Security disability benefits. Family Court adjourned the hearing to August 2013, at which time the mother confirmed that, in July 2013, the father had paid her $12,000, the sum attributable to the personal injury claim. Since the father's claim for disability benefits remained pending, the court adjourned the proceeding a number of times until March 2014, when the father reported that, although he did not yet know the amount of his benefit, he had received a "fully favorable" decision in his disability case. After another adjournment, however, the father advised that the lump-sum payment of approximately $16,000 was not available because it was subject to a lien by the Ulster County Department of Social Services and that he had been awarded supplemental security income (hereinafter SSI) in the amount of $808 per month. The matter was adjourned to allow a representative of the County's Support Collection Unit (hereinafter SCU) to verify whether or not the lump-sum SSI payment could be applied to the outstanding child support obligation. At the next appearance on July 24, 2014, the SCU representative confirmed that the lump-sum payment was not available and that SCU was not authorized to garnish any portion of the monthly SSI award under federal law.[1] Although it is

_____

[1] The federal SSI program provides benefits to disabled persons who meet statutory income and resource requirements (see 42 USC § 1382; 20 CFR 416.202). As relevant here, the SSI program's "basic purpose . . . is to assure a minimum level of income for people who are . . . disabled and who do not have sufficient income and resources to maintain a standard of living at the established [f]ederal minimum income level" (20 CFR

concerning that the father raised several reservations as to whether he was authorized to enter into a settlement agreement with respect to the SSI funds, he was represented by counsel and eventually consented to Family Court's order, which, among other things, confirmed the Support Magistrate's finding that he willfully violated the prior support order and imposed a suspended six-month prison term requiring him to pay $404 of his monthly SSI benefit to the SCU. The father now appeals.

We find unavailing the father's arguments on appeal that, due to his disability, Family Court should not have determined that he willfully violated the support order and that his consent to the willfulness finding was neither knowing, intelligent nor voluntary. It is well settled that no appeal lies from an order

---

416.110). A person receiving SSI benefits must report "events and changes in circumstances relevant to eligibility for or amount of benefits," including any resources received or parted with (42 USC § 1383 [e] [2]; see 20 CFR 416.708 [d]). 42 USC § 407 (a), which prohibits a person from transferring or assigning his or her future public benefits and exempts the benefits from "garnishment[] or other legal process," applies to SSI benefits (see 42 USC § 1383 [d] [1]; Sykes v Bank of America, 723 F3d 399, 404 [2d Cir 2013]). The federal regulations governing the SSI program similarly prohibit both a person from transferring or assigning his or her benefits and a party from garnishing or taking the benefit by other legal process (see 20 CFR 416.533, 416.534 [a]; 31 CFR 212.6). The Second Circuit has provided three characteristics of "an impermissible 'legal process': (1) the process is 'judicial or quasi-judicial'; (2) the process transfers 'control o[ver] property . . . from one person to another; and (3) the process is applied 'in order to discharge or secure discharge of an allegedly existing or anticipated liability'" (Wojchowski v Daines, 498 F3d 99, 109 [2d Cir 2007], quoting Washington State Dept. of Social & Health Servs. v Guardianship Estate of Keffeler, 537 US 371, 385 [2003]). Since the issue is not properly before us, we do not address the propriety of Family Court's suggestion to the father that he need not inform the federal authorities of the stipulation.

issued on consent (see CPLR 5511; Matter of Commissioner of Social Servs. v Karcher, 129 AD3d 1351, 1351 [2015]; Matter of St. Lawrence County Support Collection Unit v Chad T., 124 AD3d 1032, 1033 [2015]; Matter of Madison County Support Collection Unit v Feketa, 112 AD3d 1091, 1092 [2013]).  To the extent that the father claims that his consent was involuntary, such a claim must be raised in a motion to vacate the underlying order (see Matter of Commissioner of Social Servs. v Karcher, 129 AD3d at 1351; Matter of Madison County Support Collection Unit v Feketa, 112 AD3d at 1092; Matter of Gabrielle S. [Reberick T.], 105 AD3d 1098, 1099 [2013]).

McCarthy, J.P., Egan Jr. and Rose, JJ., concur.

ORDERED that the appeal is dismissed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court