Matter of Warren County Commr. of Social Servs. v Bratis (2020 NY Slip Op 07253)





Matter of Warren County Commr. of Social Servs. v Bratis


2020 NY Slip Op 07253


Decided on December 3, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 3, 2020

527885

[*1]In the Matter of Warren County Commissioner of Social Services, on Behalf of Ciera Ariel Bratis, Respondent,
v
Peter S. Bratis Jr., Appellant.

Calendar Date: October 14, 2020

Before: Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Warren County Department of Social Services, Lake George (James B. Lesperance Jr. of counsel), for respondent.



Garry, P.J.
Appeal from an order of the Family Court of Warren County (Wilson, J.), entered October 3, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.
Ciera Ariel Bratis (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2016). The mother and the father are married but live separately, and the mother has custody of the child. In December 2017, the mother filed a support petition. In May 2018, the Support Magistrate entered an order upon the father's default requiring him to pay specified amounts of child support and spousal support to the Warren County Support Collection Unit, commencing in June 2018.
In July 2018, the father moved to vacate the default order, alleging that the information before the Support Magistrate was inaccurate, that disabilities interfered with his ability to maintain employment and that he had applied for Social Security disability benefits. The motion was denied. Petitioner then commenced this violation proceeding alleging that the father had not made the child support payments directed in the May 2018 order.[FN1] The father was served with the summons and petition but failed to appear. In September 2018, the Support Magistrate conducted an inquest, found that the father had willfully violated the May 2018 order, determined the amount of the father's child support arrears and ordered the entry of judgment in that amount. The Support Magistrate further recommended that the father be committed to jail for 60 days and referred the matter to Family Court for confirmation.
In October 2018, the father appeared with his recently-assigned counsel in Family Court for the confirmation hearing. The court advised the father of the terms that would be imposed upon an admission that his violation was willful. After consulting with counsel, the father admitted that his violation was willful. The court then imposed the agreed-upon terms, issuing an order confirming the Support Magistrate's determination and sentencing the father to a suspended sentence of 60 days in jail, conditioned upon his compliance with the May 2018 order. The father appeals.
It is well established that "no appeal lies from an order entered by consent upon the stipulation of the appealing party" (Matter of St. Lawrence County Support Collection Unit v Chad T., 124 AD3d 1032, 1033 [2015] [internal quotation marks, brackets and citations omitted]). Accordingly, the father's arguments in support of his contention that a new dispositional hearing should be conducted are unavailing, and the appeal must be dismissed (see Matter of O'Sullivan v Schebilski, 138 AD3d 1170, 1172 [2016]; Matter of Commissioner of Social Servs. v Karcher, 129 AD3d 1351, 1351 [2015]; Matter of St. Lawrence County Support Collection Unit v Chad T., 124 AD3d at 1033).
Egan Jr., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: The petition did not address spousal support.