Iadovito v DeCotes (2022 NY Slip Op 07487)

Iadovito v DeCotes

2022 NY Slip Op 07487

Decided on December 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 29, 2022

534103
[*1]Carmine Iadovito et al., Respondents,
v
Arleen DeCotes, Individually and as Surviving Tenant by the Entirety of Norman D. DeCotes, Deceased, Defendant, and Todd Deotes et al., Appellants.

Calendar Date:November 22, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Jonathan Rosenberg, PLLC, New York City (Jonathan Rosenberg of counsel), for appellants.
Brian T. Edwards, Monticello, for respondents.

Pritzker, J.
Appeal from an order and judgment of the Supreme Court (Stephan G. Schick, J.), entered November 3, 2014 in Sullivan County, which, among other things, partially granted plaintiffs' motion for summary judgment.
Plaintiffs own real property in the Town of Rockland, Sullivan County, located off of Old Route 17 which can be accessed by a 15-foot right-of-way (hereinafter Kellam Road). Plaintiffs' right to use Kellam Road is described in various deeds and is depicted in a 2002 survey of the property. Plaintiffs commenced this action against, among others, defendants Todd DeCotes and Cecelia DeCotes (hereinafter collectively referred to as defendants), who are adjoining property owners, for interfering with plaintiffs' use of Kellam Road. Following joinder of issue, plaintiffs moved for summary judgment on their first cause of action, arguing that they are entitled to use Kellam Road. Defendants opposed this motion and cross-moved to dismiss the complaint. At oral argument, Supreme Court sought clarity as to whether defendants disputed the right of plaintiffs to use Kellam Road, to which defendants replied that they did not dispute this. After determining that plaintiffs' desired remedy was a finding affirming their right to use Kellam Road, the parties consented to the court issuing a judgment reinforcing this right as outlined in plaintiffs' deed. Supreme Court, upon the parties' stipulation, denied defendants' cross motion for dismissal and partially granted plaintiffs' motion for summary judgment, declaring their right to the unobstructed use of the easement over Kellam Road. The court denied that aspect of plaintiffs' motion that sought injunctive relief. Defendants appeal.
"It is well established that no appeal lies from an order entered by consent upon the stipulation of the appealing party" (Matter of Warren County Commr. of Social Servs. v Bratis, 189 AD3d 1715, 1716 [3d Dept 2020] [internal quotation marks and citations omitted]; see CPLR 5511; Matter of Warren v Warren, 166 AD3d 1427, 1428 [3d Dept 2018]; Carr v Haas, 163 AD3d 1212, 1213 [3d Dept 2018]). To the extent that defendants assert that the order and judgment does not accurately reflect the stipulation, such claim must be raised by way of a motion to vacate the underlying consent order, a remedy defendants did not seek (see generally Matter of Frank CC. v Cecilia BB., 182 AD3d 642, 643 [3d Dept 2020]; Matter of Warren v Warren, 166 AD3d at 1428). Accordingly, the appeal must be dismissed.
Lynch, J.P., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the appeal is dismissed, with costs.