Matter of Picott v Picott (2024 NY Slip Op 03430)

Matter of Picott v Picott

2024 NY Slip Op 03430

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-00447
 (Docket No. F-6017-19/22D)

[*1]In the Matter of Joanne C. Picott, respondent,
v
Rodney T. Picott, appellant.

Kelli M. O'Brien, Goshen, NY, for appellant.
Ellen O'Hara Woods, New City, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Carol S. Klein, J.), dated December 27, 2022. The order, made upon the father's consent, confirmed an order of the same court (Celeste M. Bailey, S.M.) dated November 23, 2022, made upon the consent of the parties, inter alia, finding that the father willfully violated a prior order of child support.
ORDERED that on the Court's own motion, the notice of appeal from the order dated November 23, 2022, is deemed to be a premature notice of appeal from the order dated December 27, 2022 (see CPLR 5520[c]); and it is further,
ORDERED that the appeal from the order dated December 27, 2022, is dismissed, without costs or disbursements.
The mother and the father have two children together. Pursuant to an order of the Family Court, Rockland County, dated January 10, 2020, the father was directed to pay certain child support to the mother. In March 2022, the mother commenced a violation proceeding in the Family Court, Rockland County, later transferred to the Family Court, Orange County, alleging that the father had willfully failed to pay child support. On November 23, 2022, following the parties' appearance and upon their consent, the Support Magistrate issued an order, inter alia, finding that the father willfully violated the order of child support. In an order dated December 27, 2022, made upon the father's consent, the Family Court confirmed the Support Magistrate's order. The father appeals from the order dated December 27, 2022.
The appeal must be dismissed, since no appeal lies from an order entered on consent (see CPLR 5511; Matter of Schiavone v Mannese, 169 AD3d 1052, 1053; Matter of O'Sullivan v Schebilski, 138 AD3d 1170, 1172). To the extent the father contends that his consent was involuntary, his remedy is to move in the Family Court to vacate the underlying order (see Matter of Hopkins v Hopkins, 178 AD3d 1045, 1046; Matter of O'Sullivan v Schebilski, 138 AD3d at 1172). The father's contention regarding an alleged Family Court, Rockland County, "gatekeeping order" is not properly before this Court on this appeal.
DILLON, J.P., DUFFY, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court