Matter of Folomkina v Picott (2024 NY Slip Op 03426)

Matter of Folomkina v Picott

2024 NY Slip Op 03426

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-00445
 (Docket No. F-6015-19/22C)

[*1]In the Matter of Evguenia Folomkina, respondent,
v
Rodney T. Picott, appellant.

Kelli M. O'Brien, Goshen, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated November 28, 2022. The order confirmed an order of the same court (Celeste M. Bailey, S.M.) dated November 23, 2022, made upon the consent of the parties, inter alia, finding that the father willfully violated a prior order of child support.
ORDERED that the appeal from the order dated November 28, 2022, is dismissed, without costs or disbursements.
The mother and the father have two children together. Pursuant to an order of the Family Court, Rockland County, dated June 13, 2019, the father was directed to pay certain child support to the mother. In March 2022, the mother commenced a violation proceeding in the Family Court, Rockland County, later transferred to the Family Court, Orange County, alleging that the father had willfully failed to pay child support. On November 23, 2022, following the parties' appearance and upon their consent, the Support Magistrate issued an order, inter alia, finding that the father willfully violated the order of child support. In an order dated November 28, 2022, the Family Court confirmed the Support Magistrate's order. The father appeals from the order dated November 28, 2022.
The father's appeal must be dismissed, since he consented to the underlying finding of willfulness that he now challenges on appeal (see CPLR 5511; Matter of Schiavone v Mannese, 169 AD3d 1052, 1053; Matter of O'Sullivan v Schebilski, 138 AD3d 1170, 1172). To the extent that the father contends that there is no sound and substantial basis in the record for the Family Court's determination that he knowingly, intelligently, and voluntarily waived his right to a hearing on the violation petition and consented to the willfulness finding because the transcript of the subject court appearance is missing, he failed to seek a reconstruction hearing prior to this appeal being perfected even though he was aware of the missing transcript (see Matter of Nancy R. v Anthony B., 121 AD3d 555, 555; see also Matter of Mikel B. [Carlos B.], 115 AD3d 1348, 1348). Moreover, the Support Magistrate's order specifically states that the father waived his right to a hearing on the violation petition and consented to a willfulness finding. The father never moved to vacate that order on the ground that his waiver and consent were involuntary (see Matter of Hopkins v Hopkins, 178 AD3d 1045, 1046; Matter of O'Sullivan v Schebilski, 138 AD3d at 1172). The father's contention regarding an alleged Family Court, Rockland County, "gatekeeping order" is not properly before this Court on this appeal.
DILLON, J.P., DUFFY, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court