People v Harris (2024 NY Slip Op 03518)

People v Harris

2024 NY Slip Op 03518

Decided on June 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 27, 2024

CV-22-2286
[*1]The People of State of New York, Respondent,
v
Robert Harris, Appellant.

Calendar Date:May 29, 2024

Before:Aarons, J.P., Pritzker, Lynch, Ceresia and Mackey, JJ.

Angela Kelley, East Greenbush, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Mackey, J.
Appeal from an order of the County Court of Schenectady County (Matthew J. Sypniewski, J.), entered September 18, 2018, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2012, defendant pleaded guilty to sexual abuse in the first degree stemming from his sexual abuse of a six-year-old relative, and was sentenced to 7½ years in prison followed by 20 years of postrelease supervision. In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument and recommended that he be classified as a risk level three sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-c [hereinafter SORA]), with a sexually violent offender designation, based upon the override factor that he had a prior felony conviction for a sex offense, namely, attempted sodomy in the first degree (see Penal Law former § 130.50 [3]; Correction Law § 168-a [3] [a]). At the hearing, County Court advised defendant, who was represented by counsel, that he had a right to a hearing to challenge the Board's recommendation and the presumptive override, and to contest the evidence and present a defense. Defendant then waived a hearing and, on defendant's consent, County Court classified him as a risk level three sex offender and designated him a sexually violent offender, and defendant appeals.
It is well established that SORA risk level classification proceedings are civil in nature and not part of the criminal action (see People v Watts, ___ NY3d ___, ___, 2024 NY Slip Op 00926, *2-3 [2024]; People v Perez, 35 NY3d 85, 94 [2020]; People v Stevens, 91 NY2d 270, 277 [1998]) and, as such, SORA risk determinations are "subject to a civil appeal process" (People v Buyund, 37 NY3d 532, 540 [2021]). By statute, appeals as of right to the Appellate Division from SORA risk classification orders are pursuant to CPLR articles 55 and 57 (see Correction Law § 168-n [3]). However, a party who consents to an order, including a SORA order, in a civil proceeding is not aggrieved by the order within the meaning of CPLR 5511 and, accordingly, defendant's appeal must be dismissed (see People v White, 39 AD3d 979, 979 [3d Dept 2007]; see also People v Jennings, 146 AD3d 823, 824 [2d Dept 2017]; People v Johnson, 142 AD3d 1061, 1061 [2d Dept 2016], lv dismissed 28 NY3d 1104 [2016]; Matter of O'Sullivan v Schebilski, 138 AD3d 1170, 1172 [3d Dept 2016]; People v Brown, 125 AD3d 1380, 1380-1381 [4th Dept 2015]; People v Welch, 30 AD3d 392, 393 [2d Dept 2006]; cf. People v Motta, 215 AD3d 771, 772 [2d Dept 2023]). Defendant's argument that his consent was not voluntary due, in part, to the ineffective assistance of counsel may be addressed to County Court in a motion to vacate the order, "at which time he can present evidence in support of his allegations, proof of which is otherwise absent from this record" (People v Johnson, 142 AD3d at 1061; see Matter of O'Sullivan v Schebilski, 138 [*2]AD3d at 1172; Matter of Commissioner of Social Servs. v Karcher, 129 AD3d 1351, 1351 [3d Dept 2015]; People v Brown, 125 AD3d at 1381; see also People v Eiss, 158 AD3d 905, 907 [3d Dept 2018], lv denied 31 NY3d 907 [2018]).
Aarons, J.P., Pritzker, Lynch and Ceresia, JJ., concur.
ORDERED that the appeal is dismissed, without costs.