People v Coffin (2024 NY Slip Op 06389)

People v Coffin

2024 NY Slip Op 06389

Decided on December 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 19, 2024

534166
[*1]The People of the State of New York, Respondent,
v
Anthony R. Coffin, Appellant.

Calendar Date:November 20, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Angela Kelley, East Greenbush, for appellant.
Susan J. Mallery, District Attorney, Howes Cave (Jamie N. Lawyer of counsel), for respondent.

Powers, J.
Appeal from an order of the County Court of Schoharie County (George R. Bartlett III, J.), entered November 10, 2021, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2019, defendant pleaded guilty in County Court of Schoharie County to two counts of sexual abuse in the first degree and was sentenced to an aggregate three-year prison term, to be followed by 10 years of postrelease supervision. The guilty plea stems from defendant's sexual abuse of two child victims who were known to defendant and were 7 years old and 11 years old at the time of the abuse. The guilty plea also satisfied numerous other sex offense charges. At the time of that plea, defendant had already pleaded guilty in Otsego County to sexual abuse in the first degree in satisfaction of charges that also related to the 11-year-old victim, for which he had been classified as a risk level one sex offender. In anticipation of his release from prison on the Schoharie convictions, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) in accordance with the Sex Offender Registration Act (see Correction Law art 6-c [hereinafter SORA]) presumptively classifying defendant as a risk level two sex offender (95 points), with a sexually violent offender designation (see Correction Law §§ 168-a [3], [7] [b]; 168-l), and the People thereafter prepared an identical RAI. At the SORA hearing, defendant appeared and, after being provided an adjournment to confer with counsel, consented to being adjudicated pursuant to the RAIs as a risk level two sex offender, in lieu of a SORA hearing. County Court thereafter designated defendant as a risk level two sex offender, with a sexually violent offender designation. Defendant appeals.
Defendant contends that his waiver of a SORA hearing and consent to the presumptive risk classification was not knowing, voluntary and intelligent. He argues, among other points, that the waiver was the product of coercion in that he only agreed to it because his conditional release date had passed, and he wanted to be released more expeditiously. Yet, "a party who consents to an order, including a SORA order, in a civil proceeding is not aggrieved by the order within the meaning of CPLR 5511 and, accordingly, the appeal must be dismissed" (People v Harris, 228 AD3d 1186, 1187 [3d Dept 2024]; see People v Jennings, 146 AD3d 823, 824 [2d Dept 2017]; Matter of O'Sullivan v Schebilski, 138 AD3d 1170, 1172 [3d Dept 2016]). Defendant's remaining challenges to the order are not properly before us and will, therefore, not be addressed. Moreover, "[d]efendant's argument that his consent was not voluntary due, in part, to the ineffective assistance of counsel may be addressed to County Court in a motion to vacate the order, at which time he can present evidence in support of his allegations, proof of which is otherwise absent from [and outside of] this record" (People v Harris, 228 [*2]AD3d at 1187 [internal quotation marks and citation omitted]).
Clark, J.P., Lynch, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the appeal is dismissed, without costs.